UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EMRICH CROUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:17-cv-03294-TWP-TAB |
| | ) | |
| MANAGED HEALTH SERVICES | ) | |
| INDIANA, LP d/b/a MHS INDIANA | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL

### First Defense

Comes now Defendant, Centene Management Company, LLC (incorrectly named as Managed Health Services Indiana, LP d/b/a MHS Indiana), by counsel, and for its response to Plaintiff's Complaint and Demand for Jury Trial ("Complaint") states:

## I.      NATURE OF THE CASE

1.     Plaintiff, Emrich Crouch ("Crouch"), sues hi [sic] employer, Defendant Managed Health Services, Indiana, LP, d/b/a MHS Indiana ("MHS"), for violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*.

RESPONSE: Defendant denies the allegations contained in paragraph 1 of Plaintiff's Complaint, except it admits that Plaintiff's Complaint purports to bring claims against his employer pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*.  Defendant expressly denies that such claim is properly brought, that Defendant engaged in any unlawful employment practices, and that Plaintiff is entitled to any relief under this statute.

## II.  PARTIES

2.      At all times relevant to this action, Crouch was employed, and resided within the Southern District of Indiana.

<u>RESPONSE:</u>   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint, and therefore denies the same.

3.      At all times relevant to this action, MHS conducted business and/or maintained offices in the Southern District of Indiana.

<u>RESPONSE:</u>   Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint, and specifically states that Defendant provided employees to MHS pursuant to an administrative services agreement.

## III.  JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).

<u>RESPONSE:</u>  Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      At all times relevant to this action, Crouch was an "eligible employee" as that term is defined by 29 U.S.C. § 2611(2).

<u>RESPONSE:</u>   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 5 of Plaintiff's Complaint, and therefore denies the same, except it admits that Plaintiff was an "eligible employee" as that term is defined by 29 U.S.C. § 2611(2) at the time he requested FMLA leave in or about August 2016.

6.      MHS is an "employer" as that term is defined by 29 U.S.C. § 2611(4).

RESPONSE:  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint, and therefore denies the same, but admits that Centene Management Company, LLC (the proper Defendant and Plaintiff's employer) is an "employer" as that term is defined by 29 U.S.C. § 2611(4).

7.      All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

RESPONSE:  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 7 of Plaintiff's Complaint, and therefore denies the same, except it admits that venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## IV.  FACTUAL ALLEGATIONS

8.      Crouch began his employment at MHS in June 2015, as a Customer Service Representative.

RESPONSE:  Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint, and specifically notes that Plaintiff was employed by Centene Management Company, LLC.

9.      In 2016, Crouch was assigned to an internal MHS "SWAT Team" that served as a last-line effort to resolve customer service issues and avoid state investigations or litigation.

RESPONSE:  Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint, except it admits that, in or about June 2015, it assigned Plaintiff to an internal "SWAT Team" created to conduct research to help resolve issues regarding Healthy Indiana Plan eligibility.

10.     As a "SWAT Team" member, Crouch reported directly to Jacque Shearer-Adams, MHS's Vice President of Operations.

RESPONSE:  Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint, except it admits that Jacquelyn Shearer-Adams holds the position of Vice President of Operations.

11.     In August 2016, as a result of on-the-job stress, Crouch applied for, and was granted, FMLA leave.

RESPONSE:  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 11 of Plaintiff's Complaint, and therefore denies the same, except it admits that Plaintiff applied for, and was granted, FMLA leave in or about August 2016.

12.     When Crouch returned from his FMLA leave during the first week of September, he was moved out of the SWAT Team project office where he had been located before going on leave, and assigned to a small office shared with Supervisor Vanessa Cruz.

RESPONSE:  Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint, except it admits that Plaintiff returned from FMLA leave in mid-September 2016.

13.     Crouch's only duty, upon his return from FMLA leave, was stuffing envelopes.

RESPONSE:  Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     In October 2016, on orders from its corporate parent, MHS disbanded the SWAT Team.

RESPONSE: Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint, except it admits that Defendant disbanded the SWAT Team in or about February 2016.

15.     When the SWAT Team was disbanded, all of the members of the team, except Crouch, were assigned to positions as Enrollment Processors, which is considered within MHS to be a more prestigious position than a Customer Service Representative.

RESPONSE: Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint, except it admits that, when the SWAT Team was disbanded, all five members of the team interviewed for four vacant Enrollment Processor positions, and that, following the interviews, Plaintiff was not selected for one of the positions.

16.     The former SWAT Team members were assigned to offices on MHS's executive floor, and received significant pay increases.

RESPONSE: Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint, except it admits that the Eligibility Department, in which the Enrollment Processors worked, was housed on the Fourth Floor of the offices, and that the former SWAT Team members who were selected for the Enrollment Processor positions received a pay increase.

17.     Crouch, however, was reassigned to a position as a Billing Processor, which is considered within MHS to be a lateral move.

RESPONSE: Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint, except it admits that Defendant reassigned Plaintiff to the position of Billing Processor.

18.     During late 2016 and early 2017, Crouch applied for at least 10 to 15 open positions in MHS, which would have been promotions.

RESPONSE:  Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint, except it admits that during late 2016 and early 2017, Plaintiff applied for several open positions, which would have been promotions.

19.     Although Crouch was qualified for all of the positions for which he applied, he was not selected for any of the positions.

RESPONSE:  Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint, except it admits that Plaintiff was not selected for the positions for which he applied.

20.     On May 1, 2017, Crouch was reassigned to a position in MHS's Plainfield call center.

RESPONSE:   Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint, except that it admits that Plaintiff was reassigned to a position in the call center in Plainfield.

21.     Call center positions are considered within MHS to be less prestigious than positions in the corporate executive offices.

RESPONSE:  Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

## V.  CAUSES OF ACTION

### Count I:  Violations of FMLA

22.     Crouch hereby incorporates paragraphs one (1) through twenty (20) of his Complaint.

RESPONSE:  Defendant hereby incorporates, as if fully set forth herein, its answers to paragraphs 1–20 of Plaintiff's Complaint as incorporated into paragraph 22 of Plaintiff's Complaint.

23.     MHS interfered with Crouch's substantive rights provided by the FMLA when it reassigned his [sic] to a less prestigious position and work location upon his return from FMLA.

RESPONSE: Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     In addition, MHS discriminated against Crouch because of his use of his FMLA rights by transferring Crouch first laterally, and then to the less prestigious call center position, while similarly-situated employees who had not used their FMLA rights were promoted and given pay increases

RESPONSE: Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     MHS's actions were intentional, willful, and/or were done with reckless disregard of Crouch's legal rights and, therefore, MHS acted in bad faith.

RESPONSE: Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Crouch has suffered damages as a result of MHS's unlawful actions.

RESPONSE: Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

## VI.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Emrich Crouch, by counsel, respectfully requests that this Court find for Crouch and:

27.     Order MHS to reinstate Crouch to the position he would have had absent MHS's unlawful actions;

RESPONSE:  Defendant denies that Plaintiff is entitled to any of the damages or relief requested by him in paragraph 27 or in any portion of Section VI of his Complaint.

28.     Order MHS to pay to Crouch all lost wages, benefits, compensation, and monetary loss suffered as a result of Defendant's unlawful actions;

RESPONSE:  Defendant denies that Plaintiff is entitled to any of the damages or relief requested by him in paragraph 28 or in any portion of Section VI of his Complaint.

29.     Order MHS to pay to Crouch liquidated damages;

RESPONSE:  Defendant denies that Plaintiff is entitled to any of the damages or relief requested by him in paragraph 29 or in any portion of Section VI of his Complaint.

30.     Order MHS to pay to Crouch all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

RESPONSE:  Defendant denies that Plaintiff is entitled to any of the damages or relief requested by him in paragraph 30 or in any portion of Section VI of his Complaint.

31.     Order MHS to pay to Crouch pre- and post-judgment interest on all sums recoverable; and

RESPONSE:  Defendant denies that Plaintiff is entitled to any of the damages or relief requested by him in paragraph 31 or in any portion of Section VI of his Complaint.

32.     Order MHS to provide Crouch with all other legal or equitable relief to which he is entitled.

RESPONSE:     Defendant denies that Plaintiff is entitled to any of the damages or relief requested by him in paragraph 32 or in any portion of Section VI of his Complaint.

Answering further, Defendant denies all other allegations contained in Plaintiff's Complaint not otherwise addressed above.

## AFFIRMATIVE AND OTHER DEFENSES

### Second Defense

Any alleged act or omission by Defendant was taken in good faith within the meaning of 29 U.S.C. § 2617(a)(1)(A)(iii) and Defendant had reasonable grounds for believing that any alleged acts or omissions were not violations of the FMLA.

### Third Defense

To the extent that any alleged discrimination and/or retaliation was a motivating factor in any action taken with respect to Plaintiff, the same action would have been taken in the absence of such motivating factor.

WHEREFORE, Defendant prays that Plaintiff take nothing by way of his Complaint, that Defendant be awarded its costs herein, including its attorneys' fees, and for all other relief proper in the premises.

Respectfully submitted,

*s/* Germaine Winnick Willett
Tami A. Earnhart, Atty. No. 21610-49
Germaine Winnick Willett, Atty. No. 21151-73
Attorneys for Defendant

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100
(Fax) (317) 236-2219
Tami.Earnhart@icemiller.com
Germaine.Willett@icemiller.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on the 13th day of November, 2017, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT &
CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite B20
Indianapolis, IN  46214
jaym@ecrls.com

_s/_ Germaine Winnick Willett
Germaine Winnick Willett

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, Indiana  46282-0200
(317) 236-2100
(Fax) (317) 236-2219
Germaine.Willett@icemiller.com

10

I\12477336.4